## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| ST. PAUL GUARDIAN INSURANCE COMPANY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 07 C 6932 |
| | ) | |
| JOHN E. HARTER, THE ASO COMPANY, | ) | Judge Kennelly |
| ROBERT MONDO, SR., ROBERT MONDO, JR., | ) | |
| EXECUTIVE FIDELITY LTD. and NATIONAL | ) | Magistrate Judge Mason |
| PRODUCTION WORKERS UNION INSURANCE | ) | |
| TRUST, | ) | |
| | ) | |
| Defendants. | ) | |

## ANSWER OF
## DEFENDANT NATIONAL PRODUCTION WORKERS UNION INSURANCE TRUST
## TO FIRST AMENDED COMPLAINT FOR DECLARATORY JUDGMENT

DEFENDANT NATIONAL PRODUCTION WORKERS UNION INSURANCE TRUST

("NPWUIT"), by its attorneys DONALD E. CAMERON and JAMES W. MALLOY, answers the

FIRST AMENDED COMPLAINT FOR DECLARATORY JUDGMENT as follows, and in

direct correlation with the numerical sequence used therein:

### INTRODUCTION

1. **ALLEGATION:** This is an action for declaratory judgment pursuant to 28

U.S.C. §§ 2201-2202. Plaintiff St. Paul seeks this Court's determination concerning the

respective rights and obligations of the parties under a certain life and health insurance agents

and brokers professional liability insurance policy ("the Policy") issued by St. Paul to Executive

Fidelity Ltd. ("Executive Fidelity") and The ASO Company, Inc. ("ASO") in connection with a

lawsuit commenced against Executive Fidelity, ASO, John E. Harter, Robert Mondo, Sr. and

Robert Mondo, Jr. in the United States District Court for the Northern District of Illinois, Eastern Division. Executive Fidelity, ASO, John Harter, Robert Mondo, Sr. and Robert Mondo, Jr. claim coverage for such lawsuit under the Policy.

**ANSWER:** Admitted.

2. **ALLEGATION:** An actual and justiciable controversy exists between the parties as to which a declaratory judgment setting forth their respective rights and obligations under the Policy is necessary and appropriate.

**ANSWER:** Admitted.

## THE PARTIES

3. **ALLEGATION:** St. Paul is an insurance company incorporated pursuant to the laws of the State of Minnesota, with its principal place of business in the State of Minnesota, and is a citizen of the State of Minnesota.

**ANSWER:** Admitted upon information and belief.

4. **ALLEGATION:** Defendant Executive Fidelity is an insurance agency incorporated pursuant to the laws of the State Illinois and maintains its principal place of business at 375 West Maple Avenue, Roselle, Illinois, and is a citizen of the State of Illinois.

**ANSWER:** Admitted.

5. **ALLEGATION:** Defendant ASO is a third-party administrator incorporated pursuant to the laws of the State Illinois and maintains its principal place of business at 375 West Maple Avenue, Roselle, Illinois, and is a citizen of the State of Illinois.

**ANSWER:** Admitted.

6. **ALLEGATION:** Defendant John E. Harter is an individual residing and

2

domiciled in the State of Illinois, and is a citizen of the State of Illinois.

>  **ANSWER:** Admitted.

>  7. **ALLEGATION:** Defendant Robert Mondo, Sr. is an individual residing and

domiciled in the State of Illinois, and is a citizen of the State of Illinois.

>  **ANSWER:** Admitted.

>  8. **ALLEGATION:** Defendant Robert Mondo, Jr. is an individual residing and

domiciled in the State of Illinois, and is a citizen of the State of Illinois.

>  **ANSWER:** Admitted.

>  9. **ALLEGATION:** Defendant National Production Workers Union Insurance

Trust (the "Trust") is non-profit trust organized and existing under the laws of the State of

Illinois, with its principal place of business at 2210 Midwest Road, Oak Brook, Illinois, and the

Trustees of the Trust are domiciled in Illinois and Florida and are citizens of the States of Illinois

or Florida, and not of the State of Minnesota, such that the Trust is a citizen of the State of

Illinois and/or Florida, and is not a citizen of the State of Minnesota.

>  **ANSWER:** Admitted.

## JURISDICTION AND VENUE

>  10. **ALLEGATION:** This Court has jurisdiction in this action pursuant to 28

U.S.C. § 1332(a)(1) because the parties are citizens of different states and the amount in

controversy exceeds $75,000, exclusive of interest, costs and attorneys' fees. In addition, this

Court has jurisdiction because this is an action for declaratory judgment pursuant to 28 U.S.C. §§

2201-02.

>  **ANSWER:** Admitted.

3

11. **ALLEGATION:** Venue is proper in this federal district court pursuant to 28 U.S.C. § 1391(a) because a substantial part of the events giving rise to this action occurred in this judicial district.

**ANSWER:** Admitted.

## NATURE OF CONTROVERSY

### *The Underlying Lawsuit*

12. **ALLEGATION:** In this action, plaintiff seeks a declaration of the parties' rights and liabilities under the Policy with respect to insurance coverage for the lawsuit commenced in the United States District Court for the Northern District of Illinois, entitled *National Production Workers Union Insurance Trust v. John E. Harter, et al.,* case no. 07C6135 ("the underlying lawsuit"). A copy of the underlying complaint is attached hereto and incorporated by reference herein as Exhibit "A."

**ANSWER:** Admitted.

13. **ALLEGATION:** The underlying complaint alleges that the underlying plaintiff operates an employee welfare benefit plan, which was "established and maintained for the purpose of providing insurance and related benefits to eligible participants and beneficiaries." From 1998 to 2006, Robert Mondo, Sr. was allegedly an advisor and consultant to the underlying plaintiff and its trustees. He allegedly introduced his son, Robert Mondo, Jr. and his company, Executive Fidelity, to the underlying plaintiff, and represented that they would be well suited to advise the underlying plaintiff on matters concerning the administration of its medical benefit plans.

**ANSWER:** Admitted.

4

14. **ALLEGATION:** In 2005, Mr. Mondo, Jr. and Executive Fidelity allegedly recommended that the underlying plaintiff cease buying insurance in order to provide benefits to its members, and to instead self insure. They also allegedly recommended that John E. Harter and ASO be retained to administer claims submitted under such self-insured plan. The underlying plaintiff, allegedly relying upon Mr. Mondo, Jr.'s "expertise as an attorney and an insurance agent," as well as certain representations made by him, agreed to self insure and to retain Mr. Harter and ASO to administer claims submitted under the plan.

　　　**ANSWER:** Admitted.

15. **ALLEGATION:** The underlying complaint alleges that the underlying defendants falsely represented that Mr. Harter and ASO had the ability to administer the underlying plaintiffs plan. The underlying defendants also allegedly fraudulently represented that there was no relationship between Mr. Mondo, Jr., Mr. Harter and ASO, and intentionally and willfully concealed that Mr. Mondo, Jr. was an employee of ASO. The underlying plaintiff allegedly would never had followed recommendations to self insure and retain Mr. Harter and ASO, had it been aware of their relationship with Mr. Mondo, Jr.

　　　**ANSWER:** Admitted.

16. **ALLEGATION:** The underlying plaintiff allegedly learned in December 2005, that Mr. Mondo, Jr.'s advice and counsel was tainted by the financial remuneration he was receiving from Mr. Harter and ASO. The underlying defendants allegedly knew or should have known that the self insurance plan that they proposed would be more costly and of less benefit to the underlying plaintiff.

　　　**ANSWER:** Admitted.

5

17. **ALLEGATION:** In March 2006, the underlying plaintiff also allegedly discovered that Mr. Harter and ASO had "maladministered" the plan and had caused the unwarranted depletion of funds by either intentionally or negligently improperly paying claims. They also allegedly failed to provide contractually required information to Tru Services, LLC, the plan's reinsurer, which refused to indemnify the underlying plaintiff for losses exceeding $1,000,000. According to the underlying complaint, the underlying defendants intentionally concealed this information from the underlying plaintiff, as its disclosure would have interfered with their own financial gains under the scheme.

    **ANSWER:** Admitted.

18. **ALLEGATION:** The Mondos and Executive Fidelity also allegedly gained commissions and other compensation by "steering" the underlying plaintiff to Mr. Harter and ASO, which resulted in additional damages in excess of $350,000.

    **ANSWER:** Admitted.

19. **ALLEGATION:** Based on the foregoing allegations, the underlying complaint sets forth causes of action sounding in breach of fiduciary duty under ERISA, fraud, breach of contract, negligence and legal malpractice.

    **ANSWER:** Admitted.

20. **ALLEGATION:** The defendants are the actual parties in interest in this matter.

    **ANSWER:** Admitted.

*The Policy*

21. **ALLEGATION:** St. Paul issued Life and Health Insurance Agents and

Brokers Professional Liability Insurance Policy No. 560JB4370 to Executive Fidelity and ASO, with a policy period of November 12, 2005 to November 12, 2006, a copy of which is attached hereto and incorporated by reference herein as Exhibit "B." The Policy affords coverage, pursuant to its terms and conditions, for claims arising out of acts, errors or omissions committed by an Insured in the rendering of or failure to render professional services as a life or accident/health insurance agent or broker.

**ANSWER:** Admitted upon information and belief.

22. **ALLEGATION:** Prior to the commencement of the underlying lawsuit, notice of the situation involving the recommendation of a self-insurance medical benefit plan to the underlying plaintiff was tendered to St. Paul as a potential claim in or about October 2006.

**ANSWER:** Defendant National Production Workers Union Insurance Trust lacks sufficient knowledge to either admit or deny.

23. **ALLEGATION:** By letter dated December 19, 2006, St. Paul reserved its rights to decline defense and indemnity coverage based upon the terms and conditions of the Policy in the event the potential claim evolved into a lawsuit. A copy of St. Paul's reservation of rights letter is attached hereto as Exhibit "C."

**ANSWER:** Admitted upon information and belief.

### FIRST CAUSE OF ACTION

24. **ALLEGATION:** St. Paul repeats and realleges each and every allegation contained in paragraphs 1 through 23 of this complaint, as if fully set forth herein.

**ANSWER:** Paragraphs 1 through 23 of this Answer are re-alleged.

25. **ALLEGATION:** Exclusion 4 contained in the Policy states as follows:

7

## III. EXCLUSIONS

This Policy does not apply:

* * *

4.    to any CLAIM arising out of the rendering of or failing to render

any services involving:

    (a)    actuarial, accounting, legal or tax advice;

    (b)    structured settlement annuities or viatical settlements;

    (c)    promissory notes;

    (d)    multiple employer welfare arrangements or multiple

employer trusts, or any pension, welfare or other benefit

plan, except those fully funded by insurance, reinsurance or

any annuity(ies) issued by an insurance company which

possessed an A.M. Best rating of "A-" or better at the time

of placement;

**ANSWER:** Admitted.

26. **ALLEGATION:** Exclusion 4 contained in the Policy negates coverage for

"any CLAIM arising out of the rendering of or failing to render any services involving multiple

employer welfare arrangements or multiple employer trusts, or any pension, welfare or other

benefit plan, except those fully funded by insurance, reinsurance or any annuity(ies) issued by an

insurance company which possessed an A.M. Best rating of "A-" or better at the time of

placement." The underlying lawsuit arises out of services involving a multiple employer welfare

arrangement or multiple employer trust. In addition, the underlying lawsuit arises out of services

8

involving a self-funded medical benefit plan, which was not fully funded by an insurance company possessing an A.M. Best rating of "A-" or better at the time of placement.

**ANSWER:** Denied.

27. **ALLEGATION:** St. Paul accordingly requests judgment that the foregoing exclusion negates coverage for the underlying lawsuit.

**ANSWER:** Admitted that St. Paul requests judgment; denied that it is so entitled.

### SECOND CAUSE OF ACTION

28. **ALLEGATION:** St. Paul repeats and realleges each and every allegation contained in paragraphs 1 through 27 of this complaint, as if fully set forth herein.

**ANSWER:** Paragraphs 1 through 27 of this Answer are re-alleged.

29. **ALLEGATION:** Exclusion 4 contained in the Policy also negates coverage for "any CLAIM arising out of the rendering of or failing to render any services involving actuarial, accounting, legal or tax advice." The underlying complaint alleges that the underlying plaintiff relied upon Mr. Mondo, Jr.'s "expertise as an attorney." Moreover, the underlying complaint sets forth a cause of action against Mr. Mondo, Jr. sounding in legal malpractice.

**ANSWER:** Admitted.

30. **ALLEGATION:** St. Paul accordingly requests judgment that the foregoing exclusion negates coverage for the underlying lawsuit.

**ANSWER:** Admitted that St. Paul requests judgment; denied that it is so entitled.

### THIRD CAUSE OF ACTION

31. **ALLEGATION:** St. Paul repeats and realleges each and every allegation contained in paragraphs 1 through 30 of this complaint, as if fully set forth herein.

**ANSWER:** Paragraphs 1 through 30 of this Answer are re-alleged.

32. **ALLEGATION:** Exclusion 6 contained in the Policy states as follows:

### III. EXCLUSIONS

This Policy does not apply:

6.      to any CLAIM involving any commingling of funds or accounts, or

for sums received by any INSURED or credited to any

INSURED'S account, or for fees, premiums, taxes, commissions

or brokerage monies;

**ANSWER:** Admitted.

33. **ALLEGATION:** Exclusion 6 contained in the Policy negates coverage for

"any CLAIM involving any commingling of funds or accounts, or for sums received by any

INSURED or credited to any INSURED'S account, or for fees, premiums, taxes, commissions or

brokerage monies." The underlying plaintiff alleges that the underlying defendants have

unreasonably compensated themselves as a result of their scheme to install ASO and Mr. Harter

as plan administrator in an amount in excess of $350,000. Specifically, the underlying complaint

alleges that Mr. Mondo, Jr. benefited from his concealed relationship with Mr. Harter and ASO

and participated in the fees they received from the underlying plaintiff either through salary or

commissions. Moreover, Mr. Mondo, Sr. allegedly received commissions from Executive

Fidelity and Mr. Mondo, Jr. as a result of his having helped "steer" the underlying plaintiff to

retain ASO and Mr. Harter as plan administrator.

**ANSWER:** Admitted.

34. **ALLEGATION:** St. Paul accordingly requests judgment that the foregoing

10

exclusion negates coverage for the underlying lawsuit.

     **ANSWER:** Admitted that St. Paul requests judgment; denied that it is so entitled.

## FOURTH CAUSE OF ACTION

     35. **ALLEGATION:** St. Paul repeats and realleges each and every allegation

contained in paragraphs 1 through 34 of this complaint, as if fully set forth herein.

     **ANSWER:** Paragraphs 1 through 34 of this Answer are re-alleged.

     36. **ALLEGATION:** Exclusion 7 contained in the Policy states as follows:

     **III. EXCLUSIONS**

     This Policy does not apply:

          * * *

     7.    to any CLAIM arising out of any pension, profit sharing, welfare

plan or other employee benefit plan in which any INSURED, or

any firm in which any INSURED has a financial interest, is a

participant, named fiduciary, designated fiduciary, administrator,

plan sponsor or trustee as those terms are used in the Employee

Retirement Income Security Act of 1974 (ERISA) and the

Consolidated Omnibus Budget Reconciliation Act of 1986

(COBRA), including any amendments, regulations or enabling

statutes and any other similar federal, state, or provincial statute or

regulation;

     **ANSWER:** Admitted.

     37. **ALLEGATION:** Exclusion 7 contained in the Policy negates coverage for

"any CLAIM arising out of any pension, profit sharing, welfare plan or other employee benefit

plan in which any INSURED, or any firm in which any INSURED has a financial interest, is a

participant, named fiduciary, designated fiduciary, administrator, plan sponsor or trustee as those

terms are used in the Employee Retirement Income Security Act of 1974 (ERISA) and the

Consolidated Omnibus Budget Reconciliation Act of 1986 (COBRA), including any

amendments, regulations or enabling statutes and any other similar federal, state, or provincial

statute or regulation."

> **ANSWER:** Admitted.

> 38. **ALLEGATION:** The underlying lawsuit arises out of a self-funded medical

benefit plan, for which defendants ASO and Mr. Harter were retained as plan administrator.

> **ANSWER:** Admitted that the underlying lawsuit so arises in part.

> 39. **ALLEGATION:** St. Paul accordingly requests judgment that the foregoing

exclusion negates coverage for the underlying lawsuit.

> **ANSWER:** Admitted that St. Paul requests judgment; denied that it is so entitled.

## FIFTH CAUSE OF ACTION

> 40. **ALLEGATION:** St. Paul repeats and realleges each and every allegation

contained in paragraphs 1 through 39 of this complaint, as if fully set forth herein.

> **ANSWER:** Paragraphs 1 through 39 of this Answer are re-alleged.

> 41. **ALLEGATION:** The Insuring Agreement contained in the Policy provides

as follows:

> **I.    INSURING AGREEMENT**

> The Company shall pay on behalf of the INSURED all sums which the

12

INSURED shall become legally obligated to pay as damages resulting

from a CLAIM or CLAIMS first made against the INSURED during the

POLICY PERIOD, and reported in writing to the Company during the

POLICY PERIOD or within sixty (60) days thereafter, by reason of any

WRONGFUL ACT of an INSURED, but only if the INSURED, prior to

the POLICY PERIOD, had no knowledge of such WRONGFUL ACT, and

further provided that such WRONGFUL ACT occurs subsequent to the

retroactive date, if any, stated in the Declarations.

**ANSWER:** Admitted.

42. **ALLEGATION:** The policy defines "Wrongful Act," in relevant part, as

follows:

## II. DEFINITIONS

* * *

WRONGFUL ACT means any such actual or alleged act, error or

omission or breach of duty in the rendering of or failure to render such

professional services as are customarily rendered by:

(a)     a life or accident/health insurance agent or broker, for others for

monetary compensation;

(b)     a property/casualty insurance agent or broker for others for

monetary compensation, provided, however, that a premium charge

is indicated in the Declarations for this coverage and such premium

has been paid; or

13

(c)    a notary public.

**ANSWER:** Admitted.

43. **ALLEGATION:** The underlying lawsuit arises out of services involving a self-funded medical benefit plan, for which defendants ASO and Mr. Harter were retained as plan administrator. Specifically, the underlying complaint alleges that ASO and Mr. Harter failed to properly administer the plan. In addition, the underlying lawsuit arises out of services performed by Mr. Mondo, Jr. as an attorney.

**ANSWER:** Admitted that the underlying lawsuit so arises in part.

44. **ALLEGATION:** As such, the underlying lawsuit does not arise from an act, error or omission or breach of duty in the rendering of or failure to render professional services as a life or accident/health insurance agent or broker, within the scope of coverage afforded under the Policy's Insuring Agreement and definition of Wrongful Act.

**ANSWER:** Denied.

45. **ALLEGATION:** St. Paul accordingly requests judgment that there is no defense or indemnity coverage under the Policy for the underlying lawsuit.

**ANSWER:** Admitted that St. Paul requests judgment; denied that it is so entitled.

### SIXTH CAUSE OF ACTION

46. **ALLEGATION:** St. Paul repeats and realleges each and every allegation contained in paragraphs 1 through 45 of this complaint, as if fully set forth herein.

**ANSWER:** Paragraphs 1 through 45 of this Answer are re-alleged.

47. **ALLEGATION:** The Policy defines the term "Insured" as follows:

INSURED means:

14

(a)  the NAMED INSURED

(b)   any partner, director, officer, stockholder, employee of the NAMED INSURED, but only with respect to WRONGFUL ACTS rendered on behalf of the NAMED INSURED;

(c)   any former partner, officer, director, stockholder, or employee who has retired or otherwise ended their relationship with the NAMED INSURED, but solely in respect of WRONGFUL ACTS rendered on behalf of the NAMED INSURED prior to the date of retirement or end of relationship;

(d)   the estate, heirs, executors, administrators, legal representatives and assigns of any INSURED in the event of such INSURED'S death, incapacity, bankruptcy or insolvency, but only with respect to WRONGFUL ACTS committed or alleged to have been committed prior to the date of such INSURED'S death, incapacity, bankruptcy or insolvency and only to the extent the INSURED would otherwise be covered by this policy.

**ANSWER:** Admitted.

48. **ALLEGATION:** The underlying complaint alleges that Mr. Mondo, Sr. was a consultant and advisor to the underlying plaintiff with respect to its benefit plan administration and insurance matters. Moreover, Mr. Mondo, Sr. is/was not an Insured under the Policy, as defined therein.

**ANSWER:** Admitted that the underlying complaint so alleges; Defendant

15

National Production Workers Union Insurance Trust lacks knowledge sufficient to either admit or deny that Mr. Mondo, Sr. was not an Insured under the Policy.

49. **ALLEGATION:** In addition, the underlying complaint alleges that Mr. Harter and ASO, as the plan administrator, had "maladministered" the plan and had caused the unwarranted depletion of funds by either intentionally or negligently improperly paying claims. Such alleged wrongdoing does not constitute acts, errors or omissions or breach of duty in the rendering of or failure to render professional services as a life or accident/health insurance agent or broker, within the meaning of the definition of Wrongful Act.

**ANSWER:** Denied, except admitted that the underlying complaint *inter alia* alleges that Mr. Harter and ASO, as the plan administrator, had "maladministered" the plan and had caused the unwarranted depletion of funds by either intentionally or negligently improperly paying claims.

50. **ALLEGATION:** St. Paul accordingly requests judgment that there is no coverage for Robert Mondo, Sr., John E. Harter and ASO under the Policy as they are not Insureds, as defined in the Policy.

**ANSWER:** Admits that St. Paul requests judgment; denied that it is so entitled.

### SEVENTH CAUSE OF ACTION

51. **ALLEGATION:** St. Paul repeats and realleges each and every allegation contained in paragraphs 1 through 50 of this complaint, as if fully set forth herein.

**ANSWER:** Paragraphs 1 through 50 of this Answer are re-alleged.

52. **ALLEGATION:** Exclusion 1 contained in the Policy states as follows:

### III. EXCLUSIONS

16

This Policy does not apply:

1.    to any judgment or final adjudication based upon or arising out of any dishonest, fraudulent, criminal, malicious or deliberately wrongful acts or omissions committed by any INSURED, however, the Company will defend allegations of the foregoing acts or omissions until the time that the act or omission is factually proven;

**ANSWER:** Admitted.

53. **ALLEGATION:** Exclusion 1 contained in the Policy negates coverage for "any judgment or final adjudication based upon or arising out of any dishonest, fraudulent, criminal, malicious or deliberately wrongful acts or omissions committed by any INSURED."

**ANSWER:** Admitted.

54. **ALLEGATION:** The underlying complaint alleges that the underlying defendants engaged in intentional and fraudulent conduct in connection with their recommendation and administration of the self-funded medical benefit plan. Moreover, the underlying complaint sets forth a cause of action sounding in fraud against the defendants.

**ANSWER:** Admitted.

55. **ALLEGATION:** St. Paul accordingly requests judgment that in the event there is a final adjudication of any dishonest, fraudulent, criminal, malicious or deliberately wrongful acts or omissions committed by the underlying defendants in the underlying lawsuit, then there would be no coverage for same under the Policy.

**ANSWER:** Admitted that St. Paul requests judgment; denied that it is so entitled.

17

WHEREFORE, Defendant NPWUIT respectfully requests that this Court enter judgment declaring that the Policy does provide defense and indemnity coverage to defendants John E. Harter, The ASO Company, Robert Mondo, Sr., Robert Mondo, Jr. and Executive Fidelity Ltd. for the underlying lawsuit, together with such other and further relief as this Court deems just and proper.

Dated: February 11, 2008

/S/Donald E. Cameron
DONALD E. CAMERON
Attorney for Defendant
National Production Workers Union
Insurance Trust

Donald E. Cameron
139 Fulton Street
Suite 903
New York, NY 10038
212-233-3348

James W. Malloy
53 West Jackson Blvd.
Suite1534
Chicago, IL 60604
312-427-1696

## CERTIFICATE OF SERVICE

I, the undersigned attorney, certify that on February 11, 2008, I served the **NOTICE OF FILING** and the **ANSWER OF DEFENDANT NATIONAL PRODUCTION WORKERS UNION INSURANCE TRUST TO FIRST AMENDED COMPLAINT FOR DECLARATORY JUDGMENT** by filing with the Court's CM/ECF system, which will make copies of the documents available to all counsel of record.

/s/Donald E. Cameron

## SERVICE LIST

Elizabeth G. Doolin
CHITTENDEN, MURDAY & NOVOTNY, LLC
303 West Madison Street
Suite 1400
Chicago, Illinois 60606
edoolin@cmn-law.com

Georgia Lynne Joyce
CHITTENDEN, MURDAY & NOVOTNY, LLC
303 West Madison Street
Suite 1400
Chicago, Illinois 60606
gjoyce@cmn-law.com

George B. Collins
COLLINS, BARGIONE & VUCKOVICH
One N. LaSalle Street
Suite 2235
Chicago, Illinois 60602
email@cb-law.com

Adrian M. Vuckovich
COLLINS, BARGIONE & VUCKOVICH
One N. LaSalle Street
Suite 2235
Chicago, Illinois 60602
email@cb-law.com

Monte L. Mann
NOVACK AND MACEY LLP
100 North Riverside Plaza
Chicago, Illinois 60606-1501
mmann@novackandmacey.com

Stephen Novack
NOVACK AND MACEY LLP
100 North Riverside Plaza
Chicago, Illinois 60606-1501
sn@novackandmacey.com

Karen L. Levine
NOVACK AND MACEY LLP
100 North Riverside Plaza
Chicago, Illinois 60606-1501
klevine@novackandmacey.com

Richard G. Douglass
NOVACK AND MACEY LLP
100 North Riverside Plaza
Chicago, Illinois 60606-1501
rdouglass@novackandmacey.com