# EXHIBIT A

### IN THE UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| NATIONAL PRODUCTION WORKERS UNION INSURANCE TRUST, | ) ) ) | |
| Plaintiff, | ) ) | **ECF CASE** |
| -against- | ) ) ) | Case No.: 07 C 6135 |
| | ) | Judge John W. Darrah |
| JOHN F. HARTER, THE ASO COMPANY, ROBERT MONDO SR., ROBERT MONDO JR., and EXECUTIVE FIDELITY LTD, | ) ) ) ) | Magistrate Judge Geraldine Soat Brown |
| Defendants. | ) ) | |

### AMENDED COMPLAINT and DEMAND FOR JURY TRIAL
### (ERISA)
### JURISDICTION

1. This action is brought pursuant to 29 U.S.C. §§ 1132(a)(2) and 1132(a)(3) of the Employment Retirement Income and Security Act of 1974, as amended, 29 U.S.C. §§ 1001 *et seq.* [ERISA], to redress violations of duties owed to Plaintiff by Defendants; including without limitation, for breaches of fiduciary duties relating to proper management, administration and investment under 29 U.S.C. §§ 1104, 1105 and 1109, and for breaches relating to transactions prohibited by 29 U.S.C. § 1106 and not exempted under 29 U.S.C. § 1108. Jurisdiction is invoked under 29 U.S.C. § 1132(e)(1). Plaintiff also invokes the supplemental jurisdiction of this Court. (28 U.S.C. § 1367).

2. Plaintiff demands jury trial on all issues and claims to which it is entitled to a jury trial pursuant to Rule 38 of the Federal Rules of Civil Procedure.

1

## VENUE

3. Venue is properly laid within the Northern District of the State of Illinois as the Plaintiff's subject Plan was administered in said District and the acts or omissions complained of by the Plaintiff were committed by the Defendants or occurred within said District or Defendants reside or can be found in said District. (29 U.S.C. § 1132(e)(2)).

## PARTIES

4. Plaintiff NATIONAL PRODUCTION WORKERS UNION INSURANCE TRUST ("TRUST"), at all times material hereto, was and remains a non-profit trust formed and created for the benefit of members of the National Production Workers Union, and is administered in the Northern District of Illinois at 2210 Midwest Road, Oak Brook, Illinois.

5. Defendant JOHN F. HARTER ("HARTER"), at all times material hereto, was the President and indirect sole owner of Defendant THE ASO COMPANY ("ASO"), through his 100% ownership of Strategic Management Solutions, Inc., a corporation duly organized and existing under the laws of the State of Illinois, which was the 100% owner of ASO. ASO was a corporation duly organized and existing under the laws of the State of Illinois, which on information and belief was dissolved on September 20, 2006. Harter represented that ASO was qualified to be a third party administrator ("TPA") of self-insured funds. At all times material hereto, an Illinois statute was in force and effect providing for survival of civil remedies to or against a dissolving corporation for a period of five years. 805 ILCS 5/12.80.

6. Defendant ROBERT MONDO SR. ("MONDO SR."), an individual and the father of ROBERT MONDO JR. ("MONDO JR."), at all times material hereto, was a consultant and advisor to Plaintiff NATIONAL PRODUCTION WORKERS UNION INSURANCE

2

TRUST, and represented to Plaintiff that he was qualified to advise it on benefit plan administration and insurance matters. MONDO SR. originally was a union member. By 1983 he became the TRUST manager and resigned in 1994. He was a long time consultant and advisor to the TRUST, and was held in high esteem for his integrity, intelligence, advice and counsel on investment and insurance matters through all times material hereto. For the TRUST, MONDO SR. inquired into health self insurance, third party administrators ("TPA's"), managed care including health maintenance organizations ("HMO's") and preferred provider organizations ("PPO's"), and methods of premium rate development for each. He routinely attended quarterly and special meetings of the TRUST and was long a permanent attendee at Board of Trustees meetings in his individual capacity and later including as representative of Defendant EXECUTIVE FIDELITY, LTD. At all times material hereto, MONDO SR. solely owned or controlled Volite Ltd., an Illinois limited liability company with offices at 17 Tower Rd, Oak Brook, Illinois, 60523. On information and belief, Volite Ltd. received compensation payments attributable to MONDO SR's participation in transactions between MONDO JR, EXECUTIVE FIDELITY and ASO on the one hand and the TRUST on the other.

7. Defendant ROBERT MONDO JR. ("MONDO JR."), an individual and the son of Defendant MONDO SR., at all times material hereto, was and remains the sole owner of Defendant EXECUTIVE FIDELITY LTD ("EXECUTIVE FIDELITY"), a corporation duly organized and existing under the laws of the State of Illinois. At all times material hereto, Defendants MONDO JR. and EXECUTIVE FIDELITY were insurance brokers, and Defendant MONDO JR. was an attorney licensed in the State of Illinois. EXECUTIVE FIDELITY, at all times material hereto, described itself as a health care and actuarial consultant and participated in

3

commissions as an insurance broker. EXECUTIVE FIDELITY was represented by MONDO

SR. in dealing with the TRUST. EXECUTIVE FIDELITY's offices were and remain in Roselle,

Illinois. MONDO JR. participated with MONDO SR. and EXECUTIVE FIDELITY in advising

the Trust regarding self insurance, its use of discounts, preferred health care provider

organizations ("PPO's"), and the suitability of engaging Defendant ASO as a TPA. MONDO JR.

attended Board meetings from time to time, accompanying MONDO SR. and representing

EXECUTIVE FIDELITY. At MONDO SR.'s invitation, MONDO JR. during a January 18, 2005

Board of Trustees meeting advised that the Trust become self-insured and that the TRUST select

as TPA Defendant ASO. Unbeknownst to Plaintiff TRUST, MONDO JR. was a high salaried

employee of ASO. Following the TRUST's conversion to self insurance and ASO's becoming

its TPA, on or about March 1, 2005, MONDO JR. caused payments to be made by EXECUTIVE

FIDELITY to MONDO SR's wholly-owned company, Volite, Ltd. MONDO JR. falsely

represented himself to one or more PPO's as Plaintiff TRUST's chief counsel.

      8. Each of the named Defendants is a fiduciary within the meaning of the ERISA

statute under the facts herein alleged. Further, each of the named Defendants is a party in interest

within the meaning of the ERISA statute under the facts herein alleged.

**FACTS UPON WHICH RELIEF IS CLAIMED**

      9. Plaintiff NATIONAL PRODUCTION WORKERS UNION INSURANCE

TRUST operates an employee welfare benefit plan within the meaning of 29 U.S.C. § 1002(1),

established and maintained for the purpose of providing insurance and related benefits to eligible

participants and beneficiaries.

      10. Defendant MONDO SR. has acted since prior to1998 through 2006 as an

4

advisor and consultant to Plaintiff and its trustees, and Plaintiff has relied upon his advice and his

expertise, and Defendant MONDO SR. at all times material hereto has been aware that Plaintiff

has acted upon his advice and expertise.

11.  Prior to 2005, Defendant MONDO SR. had introduced his son Defendant

MONDO JR. and MONDO JR.'s company Defendant EXECUTIVE FIDELITY to Plaintiff's

trustees, and represented to Plaintiff that Defendants MONDO JR. and EXECUTIVE FIDELITY

were knowledgeable, honest and experts in the fields of insurance, specifically organization

benefit plans such as the type provided by Plaintiff to its members, and would be suited to advise

Plaintiff on matters concerning the administration of its medical benefit plan.

12.  In 2005, Defendants MONDO SR., MONDO JR., and EXECUTIVE

FIDELITY recommended to Plaintiff that it would be in Plaintiff's best interest to cease to

provide participants' PPO and HMO medical benefits through the purchase of insurance and to

instead become self-insured to provide participants' medical benefits, and recommended that

Plaintiff engage Defendants HARTER and ASO to administer Plaintiff's beneficiaries' claims

that would be filed with Plaintiff under the newly-implemented self-insured plan.

13.  Defendants MONDO SR., MONDO JR., EXECUTIVE FIDELITY,

HARTER, and ASO falsely represented that Defendants HARTER and ASO had the ability and

integrity to administer Plaintiff's benefit plan, and that Plaintiff's retention of HARTER and

ASO would be a sound business and economic move that would inure to the financial benefit of

Plaintiff.

14.  Defendants MONDO SR., MONDO JR., EXECUTIVE FIDELITY,

HARTER, and ASO fraudulently represented that there was no relationship between Defendant

MONDO JR. and Defendants HARTER and ASO, intentionally and willfully concealing that

MONDO JR. was a salaried employee of ASO.

15. Plaintiff relied upon MONDO JR.'s expertise as an attorney and as an

insurance agent, as well as on his representation that he had no relationship with HARTER and

ASO, in accepting MONDO JR.'s recommendation that Plaintiff become self-insured and in

Plaintiff's engaging ASO and HARTER to administer the payment of claims pursuant to

Plaintiff's becoming self-insured.

16. Had Plaintiff been made aware of Defendant MONDO JR.'s concealed

employment relationship with Defendants HARTER and ASO, Plaintiff would not have retained

Defendants HARTER and ASO to administer its claims, nor would it have followed MONDO

JR.'s and MONDO SR.'s specific recommendation that it become self-insured via the

implementation of Defendants' plan.

17. In recommending that it would be in Plaintiff's economic interest for Plaintiff

to convert to a self-insured plan, and that it would also be in Plaintiff's economic interest to

retain Defendants ASO and HARTER to administer it, Defendants MONDO JR. and

EXECUTIVE FIDELITY voluntarily assumed a fiduciary duty to Plaintiff. In contracting with

Plaintiff to administer claims, Defendants ASO and HARTER assumed a contractual as well as a

fiduciary duty to Plaintiff to ensure claims against Plaintiff's fund were paid according to the

plan's terms, and that said claims were not overpaid or otherwise paid improperly contrary to

said plan's terms, to the detriment of Plaintiff and Plaintiff's beneficiaries.

18. Prior to and at the time Plaintiff decided to accept Defendants MONDO SR.,

MONDO JR., ASO and HARTER'S recommendation to convert to a self-insured plan,

6

Defendant MONDO JR. specifically denied that he was receiving any financial remuneration from ASO or HARTER.

19. In or about the first quarter of 2005, Plaintiff entered into an agreement with Defendants ASO and Harter whereby Plaintiff adopted a self-insured plan with Defendants ASO and HARTER administering said plan. Under the terms of the agreement Defendants ASO and HARTER were obligated to promptly notify Plaintiff of, *inter alia*, any extraordinary depletion of Plaintiff's funds, which they subsequently failed to do.

20. In or about December of 2005, Plaintiff learned that Defendant MONDO JR. was a salaried employee of Defendant ASO and that MONDO JR. had a self-interest in his recommendation of not only Plaintiff's conversion to a self-insured plan but in his recommendation of ASO as said plan's administrator. Due to Defendants' fraudulent concealment it was not until approximately December of 2005 or January of 2006 that Plaintiff learned that MONDO JR.'s advice and counsel to Plaintiff was tainted by the financial remuneration he was receiving from Defendants HARTER and ASO.

21. Defendants fraudulently concealed from Plaintiff and its trustees information regarding the relationships among the Defendants for the purpose of deceiving Plaintiff and its trustees into believing that MONDO SR.'s, MONDO JR.'s, and EXECUTIVE FIDELITY's recommendations that Plaintiff become self-insured and retain HARTER and ASO were objective evaluations of the merit of said proposals when Defendants knew or should have known that the self-insurance plan proposed by Defendants would be more costly and of less benefit to Plaintiff than its previous coverage, and thereby obtained a significant financial benefit to themselves at the expense of Plaintiff and its beneficiaries. Defendants MONDO SR.,

7

MONDO JR., EXECUTIVE FIDELITY, ASO and HARTER structured the specific self-insured arrangement it implemented for Plaintiff in order that they would be unreasonably compensated by Plaintiff for their services, and thus Defendants were unjustly enriched at Plaintiff's expense by their failure to disclose their relationship and to objectively advise Plaintiff.

22. Defendants MONDO JR. and EXECUTIVE FIDELITY financially benefitted to the detriment of Plaintiff and Plaintiff's beneficiaries by virtue of Plaintiff's retention of HARTER and ASO as plan administrators by Plaintiff.

23. Due to Defendants' fraudulent concealment, it was not until March of 2006 when Plaintiff first learned that as a result of Defendant HARTER and ASO's maladministration of its plan that the plan had suffered significant losses, and that Defendants HARTER, ASO, and MONDO JR. had caused the unwarranted depletion of Plaintiff's funds by either intentionally or negligently improperly paying claims that either should have been denied or should have been paid at a lesser amount, all without the knowledge or permission of Plaintiff and its trustees. Furthermore, Defendants ASO, HARTER, and MONDO JR. failed to inform Plaintiff regarding the exorbitant amount of money Defendants were paying in claims, although they were legally and contractually obligated to so inform Plaintiff. Thus, Plaintiff was unable to either drop certain insureds, revert to a paid insurance plan, or otherwise take steps to alleviate the financial "bleeding" it was unknowingly suffering. Due to Defendants' fraudulent concealment, it was not until in or around March of 2006 when Plaintiff first learned that Defendants HARTER, ASO and MONDO JR. had failed to monitor the resulting serious and unwarranted depletion of Plaintiff's funds, and to take or recommend any course of action that would have arrested said depletion of Plaintiff's funds. Defendants intentionally concealed this information from Plaintiff

8

as its disclosure would interfere with Defendants' own financial gains under this scheme. As a result of Defendants HARTER's, ASO's and MONDO JR.'s maladministration of Plaintiff's benefit plan, Plaintiff has been damaged in an amount in excess of $1,000,000.00.

24. Due to Defendant's fraudulent concealment, it was not until in or around March of 2006 when Plaintiff first learned Defendants ASO, HARTER, MONDO JR. and EXECUTIVE FIDELITY also had failed to fulfill their duty to provide contractually required information to Tru Services, LLC, ("Tru Services"), the reinsurer for Plaintiff's benefit plan. Plaintiff discovered that Tru Services repeatedly requested information from Defendants ASO, HARTER, MONDO JR. and EXECUTIVE FIDELITY regarding the addition of new groups to Plaintiff's benefit plan so that Tru Services could assess the risk and underwrite said groups, and that Defendants ASO, HARTER, MONDO JR. and EXECUTIVE FIDELITY failed to provide said information to Tru Services. Thus, Tru Services refused to indemnify Plaintiff for the excess amounts of large benefit claims from these new groups, and this caused Plaintiff to incur unindemnified losses of over $1,000,000.00. As a result of Defendants ASO, HARTER MONDO JR. and EXECUTIVE FIDELITY's failure to provide information to the Tru Services, and the resulting disclaimer of coverage by the reinsurer, Plaintiff has been damaged in excess of $1,000,000.00.

25. Defendants HARTER and ASO were not qualified or otherwise competent to administer Plaintiff's benefit plan, and should not have obtained any compensation from Plaintiff for administering said plan. Defendant MONDO JR. benefitted from his concealed relationship with Defendants HARTER and ASO, and participated in the fees they received from Plaintiff either through salary or commissions. Additionally, Defendant MONDO SR. received

9

commissions from Defendants EXECUTIVE FIDELITY and MONDO JR. as a result of his having helped "steer" Plaintiff towards ASO and HARTER. Defendants MONDO JR., EXECUTIVE FIDELITY, MONDO SR., HARTER and ASO have unreasonably compensated themselves as a result of their scheme to install Defendants ASO and HARTER as plan administrator in an amount in excess of $350,000.00.

## COUNT I

### (BREACH OF FIDUCIARY DUTY)

26. Plaintiff restates and realleges paragraphs 1 - 25 *in haec verba.*

27. At all times material Defendant MONDO SR. had long served Plaintiff TRUST as a permanent fixture at Board of Trustees meetings as a consultant and advisor on investment and insurance matters and was highly esteemed for his integrity, intelligence, energy and experience.

28. At all times material MONDO SR. had the fiduciary duty of performing pursuant to the prudent man rule in like circumstances.

29. In 2004, MONDO SR. made the pretense of surveying and evaluating insurers by requests for proposals of any available insurance more competitive than the rate increase renewal proposal of the TRUST's then insurer, Unicare, but gave none to the TRUST despite the approaching renewal deadline.

30. MONDO JR. appeared on behalf of EXECUTIVE FIDELITY at the Board's January 18, 2005 meeting. MONDO JR.'s presentation advocating the abandonment of third-party Unicare's health insurance and the adoption of self-insurance with its inherent risk to the TRUST's assets was given all the respect and deference afforded the advice and counsel of

10

MONDO SR. and was accordingly adopted.

31. On information and belief, MONDO SR. was compensated by EXECUTIVE FIDELITY payments to MONDO SR's wholly-owned corporation, Volite, Ltd.

32. MONDO SR. intended to exercise and, in fact, did exercise authority and control over TRUST assets and disposal by advocating the implementation of MONDO JR's proposal, whereby as a result of MONDO SR.'S advocacy it was adopted whole by the TRUST's Board of Trustees.

33. MONDO SR. intended to be, and in fact was, a fiduciary within the meaning of 29 U.S.C. § 1002(21)(A). MONDO SR. exercised authority and/or control respecting management and/or disposition of TRUST assets. He caused the TRUST's abandonment of third-party insurance and its adoption of MONDO JR.'s selection of ASO as TPA, which scheme improperly and unnecessarily placed the TRUST's assets at great risk due to ASO's gross performance shortfall in the administration of claims against the TRUST and its financial obligations to Plaintiff TRUST. MONDO SR. so acted for the purposes of personal gain and the enabling and concealment of his son MONDO JR's salary from ASO. By Defendants' said acts and omissions, the TRUST's funds were wrongfully depleted to a great degree.

34. By virtue of the great weight accorded his opinion by the members of Plaintiff's Board, MONDO SR. exercised what amounted to managerial discretion in furthering, through his son MONDO JR., the disposal of TRUST assets.

35. MONDO SR. thereby breached his fiduciary duty to the TRUST within the meaning of 29 U.S.C. § 1104 in that he failed to discharge his duty with respect to the TRUST to act solely in the interest of the TRUST's Participants and Beneficiaries by defraying the

TRUST's reasonable expenses. For instance, ASO paid no or no significant number of claims for five to six months from ASO's March 1, 2005 start-up date, and the accruing monthly per member rate, coupled with ASO's deferring claim handling expenses, masked the true financial picture of the fund in order to support MONDO JR's high ASO salary.

36. MONDO SR breached his fiduciary duty to the TRUST within the meaning of 29 U.S.C. §§1105(a)(1) and 1105(a)(2) by the concealment and enabling of MONDO JR's wrongful acts and omissions as described herein.

37. ASO was a fiduciary by reason of the exercise of discretionary actions in its distribution of millions of dollars in thousands of claims payments on behalf of the TRUST, as well as its subcontracting of claims check processing that it concealed from the TRUST.

38. ASO was required by 29 U.S.C. § 1104 to perform its duties solely in the interests of TRUST Participants and Beneficiaries and failed to do so. For one instance, ASO failed to meet its obligation to maintain reasonable expenses with respect to the administration of TRUST assets with the care and skill of a prudent person in like circumstances in failing for months to administer claims and secretly subcontracting claims' payouts. ASO further breached its fiduciary duty of prudence in permitting stop loss reinsurance to become worthless for failure to timely provide the reinsurer carrier, Tru Services, with key enrollment data.

39. ASO knowingly failed and refused, despite numerous demands by the TRUST to provide meaningful current financial information; failed, despite having claimed great actuarial skills, to project near term financial expectations for Collective Bargaining Agreements negotiation to finance the TRUST's ongoing financing of health coverage for its Participants; and continues to withhold financial information and data which would enable the TRUST to

12

determine its rights and obligations.

40. The claims account administered by ASO constituted a joint account periodically funded by the TRUST through which flowed payments to providers of health care to the TRUST's Participants and Beneficiaries.

41. The TRUST has and is negotiating with providers demanding full payment without discount, due to ASO's loss of discount by its unreasonable delay in claims processing and payment. However, in those many instances where Participants were compelled to directly pay Providers their demanded undiscounted rate in order to prevent or remove their accounts from collection, the TRUST was and is obligated to reimburse Participants the full rate they paid.

42. On information and belief ASO from and after the TRUST's discovery of its five to six month delay ignored criteria for numerous claims denials and limitations and instead overpaid providers, further wrongfully depleting TRUST assets.

43. By reason of ASO failure and refusal timely to furnish current, periodic reports and ending financial position there is not adequate accounting of the claims account and whereby equitable restitution is required.

44. The TRUST has no adequate remedy at law.

WHEREFORE, Plaintiff prays this Court:

    a.    Enter an Order compelling an accounting of the claims account in equity;

    b.    Requiring equitable tracing of funds with respect to the claims account; and,

    c.    Such further equitable relief as the Court deems just.

13

## COUNT II

### (PROHIBITED TRANSACTIONS)

45. Plaintiff restates and realleges paragraphs 1 - 44 *in haec verba.*

46. MONDO JR's representation that ASO was experienced in administering self-insured plans similar to the TRUST's was false, and MONDO. JR knew it was false, and MONDO JR. made said statement for the purpose of misleading the TRUST into retaining ASO, and the TRUST was so misled to its detriment.

47. For five to six months after March 15, 2005, ASO did not have the expenses of claims processing, including personnel, attributable to the TRUST's self-insured claims since no claims were processed during that period.

48. As a result of ASO's inexperience and/or long-delayed claims processing, the monthly per member $35.50 administrative fees accrued to ASO's benefit, unburdened by any substantial expense to it, whereby the resulting ongoing cash flow financed and was intended to finance MONDO JR's exorbitant ASO salary, the compensation of HARTER, and the indirect remuneration of MONDO SR.

49. MONDO JR. concealed his financial relationship with ASO from the TRUST, and falsely denied it to the TRUST upon the TRUST's inquiry.

50. MONDO JR. provided services to the TRUST whereby he was a "party in interest" within the meaning of 29 U.S.C. § 1002(14)(B); and further, by virtue of being a lineal descendent of MONDO SR. 29 U.S.C. §§ 1002(14)(F) and 1002(15). Likewise, MONDO SR. is a "party in interest" by virtue of being an ancestor of MONDO JR. 29 U.S.C. §§ 1002(14)(F) and 1002(15).

14

51. Each of MONDO SR., MONDO JR., EXECUTIVE FIDELITY, HARTER, and ASO were "parties in interest" with each other as fiduciaries under 29 U.S.C. § 1002(14)(B).

52. The various Defendants are "parties in interest" under 29 U.S.C. §§ 1002(14)(G)(H) and/or (I) as well.

53. MONDO SR. was in violation of 29 U.S.C. § 1106(a)(1)(D) ("Prohibited Transactions") in that he caused the TRUST to engage in transactions which he knew or should have known constituted an improper direct or indirect "transfer to, or use by or for the benefit of a party in interest, of . . . assets of the plan."

54. As fiduciaries, MONDO SR. and MONDO JR. engaged in transactions prohibited by 29 U.S.C. § 1106 and not exempted by 29 U.S.C. § 1108 in that they represented and promoted each other in their self-interested transactions which were adverse to the interests of the TRUST and its Participants and Beneficiaries, and such transactions are forbidden to fiduciaries.

55. MONDO JR. knew that he was participating in a transaction prohibited by 29 U.S.C. § 1106.

56. Each of the Defendants MONDO SR., MONDO JR., EXECUTIVE FIDELITY, HARTER and ASO as a party in interest engaged in prohibited transactions with the TRUST on behalf of one another, and their interests were adverse to the interests of the TRUST and its Participants and Beneficiaries.

57. As a fiduciary MONDO SR. also engaged in transactions prohibited by 29 U.S.C. § 1106 and not exempted by 29 U.S.C. § 1108 in receiving compensation from MONDO JR's EXECUTIVE FIDELITY via MONDO SR's company Volite Ltd.  29 U.S.C. § 1106(b)(3).

15

58. HARTER and ASO agreed, *inter alia*, to provide Plaintiff with timely health claims processing, weekly clearance of claims payments before issuance of claims checks, reporting of outstanding claims along with projection of future needs based upon their experience.

59. The TRUST has no adequate remedy at law to enable it to account for the claims account through which ASO spent in excess of $8,000,000.00 on thousands of claims eventually paid on behalf of Participants.

60. The account thereof between the TRUST and ASO by reason of its chaotic claims administration and payments are of such a complicated nature that only a court of equity can unravel it.

WHEREFORE, Plaintiff prays this Court enter an Order to enable the TRUST to determine its financial position to conclude its obligations with its Health Care Providers:

    a.    Imposing a constructive trust in favor of the Plaintiff on the funds unlawfully taken by Defendants;

    b.    Compelling of an accounting of the claims account by ASO;

    c.    Requiring equitable tracing of funds with respect to the claims account;

    d.    Order disgorgement of Defendants' profits so demonstrated; and

    e.    Such further equitable relief as the Court deems just.

## COUNT III

### (INVESTMENT ADVICE)

61. Plaintiff restates and realleges paragraphs 1 - 60 *in haec verba*.

16

62. MONDO SR. advised and, along with MONDO JR., brought about the TRUST's elimination of third-party insured health insurance and sound investment resulting in the plan's assets no longer being comprised of an $8,000,000.00 reserve with monthly employer contributions, and on information and belief MONDO SR. was improperly compensated by MONDO JR. therefor.

63. MONDO SR. rendered investment advice to the TRUST within the meaning of 29 U.S.C. § 1002(21)(A)(ii) and 29 CFR § 2510.3-21(c). MONDO SR. advised the TRUST as to the value of property and made recommendations as to the advisability of investing in property on a regular basis. MONDO SR's services served as a primary basis for the TRUST's investment decisions with respect to plan assets. MONDO SR's rendered individualized investment advice to the plan based on the particular needs of the plan regarding such matters as, among other things, investment policies or strategy, overall portfolio composition, or diversification of plan investments.

WHEREFORE, Plaintiff prays this Court enter orders:

a.  Directing the Defendants, and each of them, to provide the TRUST with an accounting;

b.  Directing the Defendants, and each of them, to disgorge their profits in favor of the TRUST; and,

c.  Such further equitable relief as the Court deems just.

## COUNT IV

### (BREACH OF FIDUCIARY DUTY)

64. Plaintiff restates and realleges paragraphs 1 - 64 *in haec verba*.

17

65. Defendants MONDO SR., HARTER, and ASO have breached their fiduciary duties with regard to Plaintiff NATIONAL PRODUCTION WORKERS INSURANCE TRUST by failing to disclose to Plaintiff that Defendant MONDO SR.'s son, Defendant MONDO JR., was a paid employee of Defendants HARTER and ASO, and by recommending that Plaintiff convert to being self-insured for the purpose of benefitting Defendants MONDO SR., MONDO JR., EXECUTIVE FIDELITY, HARTER and ASO at the expense of the financial stability of Plaintiff's funds. Defendants MONDO SR., HARTER, and ASO concealed said information for the purpose of benefitting themselves financially at the expense of Plaintiff and in breach of their fiduciary relationship to Plaintiff, and Defendant MONDO SR. concealed said information for the purpose of benefitting himself and his son Defendant MONDO JR., all to the detriment of Plaintiff.

66. The acts, conduct and behavior of Defendants, and each of them, were performed knowingly, intentionally, and maliciously, and without reasonable excuse, by reason of which Plaintiff is entitled to an award of punitive damages.

67. By each Defendant's failure to comply with his or its own fiduciary obligations under 29 U.S.C. § 1104(a)(1), he or it has enabled a co-fiduciary to breach his or its fiduciary duty.

68. Each Defendant, having knowledge of the fiduciary breaches of co-fiduciaries, made no reasonable efforts under the circumstances to remedy the breach.

WHEREFORE, Plaintiff prays this Court:

18

a. Enter judgment for Plaintiff against each of the Defendants, jointly and severally, as and for compensatory damages in excess of $1,000,000.00.

b. Enter judgment for Plaintiff against each of the Defendants, jointly and severally, as and for punitive damages in excess of $1,000,000.00.

c. Enter judgment against each of the Defendants, jointly and severally, for attorneys' fees and costs of this action.

d. Plaintiff demands trial by jury of all issues herein.

e. Grant such other relief that law and justice requires.

## COUNT V

### (BREACH OF FIDUCIARY DUTY)

69. Plaintiff restates and realleges paragraphs 1 - 68 *in haec verba.*

70. Defendants MONDO JR., HARTER, and ASO have breached their fiduciary duties with regard to Plaintiff NATIONAL PRODUCTION WORKERS UNION INSURANCE TRUST by failing to properly administer the claims process and monitor the number of claims Defendants paid, and by fraudulently concealing the mispayment of claims and the depletion of Plaintiff's funds from Plaintiff. The acts, conduct and behavior of Defendants, and each of them, were performed knowingly, intentionally, and maliciously, and without reasonable excuse, by reason of which Plaintiff is entitled to an award of punitive damages.

WHEREFORE, Plaintiff prays this Court:

19

a.  Enter judgment for Plaintiff against each of the Defendants, jointly and severally, as and for compensatory damages in excess of $1,000,000.00.

b.  Enter judgment for Plaintiff against each of the Defendants, jointly and severally, as and for punitive damages in excess of $1,000,000.00.

c.  Enter judgment against each of the Defendants, jointly and severally, for attorneys' fees and costs of this action.

d.  Plaintiff demands trial by jury of all issues herein.

e.  Grant such other relief that law and justice requires.

## COUNT VI

### (FRAUD -

### SUPPLEMENTAL CLAIM)

71. Plaintiff restates and realleges paragraphs 1 - 71 *in haec verba*.

72. The herein-described conduct constitutes fraud on the part of each of the Defendants.

73. The acts, conduct and behavior of Defendants, and each of them, were performed knowingly, intentionally, and maliciously, and without reasonable excuse, by reason of which Plaintiff is entitled to an award of punitive damages.

WHEREFORE, Plaintiff prays this Court:

a.   Enter judgment for Plaintiff against each of the Defendants, jointly
and severally, as and for compensatory damages in excess of
$1,000,000.00.

b.   Enter judgment for Plaintiff against each of the Defendants, jointly
and severally, as and for punitive damages in excess of
$1,000,000.00.

c.   Enter judgment against each of the Defendants, jointly and
severally, for attorneys' fees and costs of this action.

d.   Plaintiff demands trial by jury of all issues herein.

e.   Grant such other relief that law and justice requires.

## COUNT VII

### (BREACH OF CONTRACT -

### SUPPLEMENTAL CLAIM)

74.  Plaintiff restates and realleges paragraphs 1 - 74 *in haec verba.*

75.  By virtue of the within, Defendants HARTER and ASO have breached their
agreement to properly administer claims made by Plaintiff's beneficiaries and to notify Plaintiff
of any extraordinary depletion of Plaintiff's funds.

WHEREFORE, Plaintiff prays this Court:

a.   Enter judgment for Plaintiff against Defendants HARTER and
ASO, jointly and severally, as and for compensatory damages in
excess of $1,000,000.00.

21

b.  Enter judgment for Plaintiff against Defendants HARTER and

ASO, jointly and severally, for fees and costs of this action.

c.  Plaintiff demands trial by jury of all issues herein.

d.  Grant such other relief that law and justice requires.

## COUNT VIII

(NEGLIGENCE -

SUPPLEMENTAL CLAIM)

76.  Plaintiff restates and realleges paragraphs 1 - 76 *in haec verba*.

77.  Defendants MONDO SR., MONDO JR., EXECUTIVE FIDELITY,

HARTER and ASO have negligently performed their fiduciary and contractual duties with regard

to Plaintiff, as more fully described herein.

78.  The acts, conduct and behavior of said Defendants, and each of them, were

unreasonable and did not meet any accepted minimal professional standards.

WHEREFORE, Plaintiff prays this Court:

a.  Enter judgment for Plaintiff against each of the Defendants, jointly

and severally, as and for compensatory damages in excess of

$1,000,000.00.

b.  Enter judgment for Plaintiff against each of the Defendants, jointly

and severally, for fees and costs of this action.

c.  Plaintiff demands trial by jury of all issues herein.

d.  Grant such other relief that law and justice requires.

## COUNT IX

22

(MALPRACTICE -

SUPPLEMENTAL CLAIM)

79.  Plaintiff restates and realleges paragraphs 1 - 78 *in haec verba.*

80.  Defendants MONDO JR. and EXECUTIVE FIDELITY have committed

malpractice under ILCS §§ 5/13-214.4 and 5/13-215 in their capacities as insurance brokers in

that they fraudulently concealed the herein cause of action from Plaintiff TRUST; they failed to

exercise a reasonable standard of care in their conduct with regard to Plaintiff; and they assisted

Defendants HARTER and ASO in breaching their fiduciary duties toward Plaintiff in the manner

more fully described herein.

WHEREFORE, Plaintiff prays this Court:

a.  Enter judgment for Plaintiff against Defendants MONDO JR. and

EXECUTIVE FIDELITY, jointly and severally, as and for

compensatory damages in excess of $1,000,000.00.

b.  Enter judgment for Plaintiff against Defendants MONDO JR. and

EXECUTIVE FIDELITY, jointly and severally, for fees and costs

of this action.

c.  Plaintiff demands trial by jury of all issues herein.

d.  Grant such other relief that law and justice requires.

## COUNT X

(MALPRACTICE -

SUPPLEMENTAL CLAIM)

81.  Plaintiff restates and realleges paragraphs 1 - 80 *in haec verba.*

23

82.  Defendant MONDO JR. has committed malpractice under ILCS §§ 5/13-214.3 and 5/13-215 in his capacity as attorney in that he fraudulently concealed the herein cause of action from Plaintiff TRUST; he failed to exercise a reasonable standard of care in his conduct with regard to Plaintiff; and he assisted Defendants HARTER and ASO in breaching their fiduciary duties toward Plaintiff in the manner more fully described herein.

WHEREFORE, Plaintiff prays this Court:

a.  Enter judgment for Plaintiff against Defendant MONDO, as and for compensatory damages in excess of $1,000,000.00.

b.  Enter judgment for Plaintiff against Defendant MONDO, jointly and severally, for fees and costs of this action.

c.  Plaintiff demands trial by jury of all issues herein.

d.  Grant such other relief that law and justice requires.

**JURY TRIAL DEMANDED**

Dated: April 18, 2008

S/ Donald E. Cameron
DONALD E. CAMERON
LAW OFFICES OF DONALD E. CAMERON
Attorney for Plaintiff
139 Fulton Street, Suite 903
New York, New York 10038
(212) 233-3348

S/ James W. Malloy
JAMES W. MALLOY
Attorney for Plaintiff
53 West Jackson Blvd.

24

Suite 1534
Chicago, IL 60604
(312) 427-1696

25

## CERTIFICATE OF SERVICE

I, the undersigned attorney, certify that on April 18, 2008, I served the within **"Amended Complaint and Demand for Jury Trial"** by filing with the Court's CM/ECF system, which will make copies of the document available to all counsel of record.

/s/Judith E. Stein, Esq.

## SERVICE LIST

Stephen Novack
NOVACK AND MACEY LLP
100 N. Riverside Plaza
Chicago, Illinois 60606
sn@novackandmacey.com

Karen L. Levine
NOVACK AND MACEY LLP
100 N. Riverside Plaza
Chicago, Illinois 60606
klevine@novackandmacey.com

Monte L. Mann
NOVACK AND MACEY LLP
100 N. Riverside Plaza
Chicago, Illinois 60606
mmann@novackandmacey.com

Richard G. Douglass
NOVACK AND MACEY LLP
100 N. Riverside Plaza
Chicago, Illinois 60606
rdouglass@novackandmacey.com

George B. Collins
COLLINS, BARGIONE & VUCKOVICH
One N. LaSalle Street, Suite 2235
Chicago, Illinois 60602
email@cb-law.com

Adrian M. Vuckovich

COLLINS, BARGIONE & VUCKOVICH
One N. LaSalle Street, Suite 2235
Chicago, Illinois 60602
email@cb-law.com

Cynthia Louise Giacchetti
LAW OFFICES OF CYNTHIA GIACCHETTI
53 West Jackson Blvd., Suite 1460
Chicago, IL 60604
cgiacchett@aol.com