**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| **ST. PAUL GUARDIAN INSURANCE COMPANY,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| -vs- ) | **No. 07 CV 6932** |
| ) | |
| **JOHN E. HARTER, THE ASO COMPANY,** ) | **Judge John W. Darrah** |
| **ROBERT MONDO, SR., ROBERT MONDO, JR.,** ) | |
| **EXECUTIVE FIDELITY LTD. and NATIONAL** ) | **Magistrate Judge Mason** |
| **PRODUCTION WORKERS UNION INSURANCE** ) | |
| **TRUST,** ) | |
| ) | |
| **Defendants.** ) | |

**ANSWER OF JOHN F. HARTER AND THE ASO COMPANY
TO SECOND AMENDED COMPLAINT
FOR DECLARATORY JUDGMENT**

Defendants JOHN F. HARTER, named herein as John E. Harter ("Harter") and THE ASO COMPANY ("ASO"), by their attorney Cynthia Giacchetti, answer the Second Amended Complaint for Declaratory Judgment of St. Paul Guardian Insurance Company ("St. Paul"), as follows:

**INTRODUCTION**

1.     This is an action for declaratory judgment pursuant to 28 U.S.C. §§2201-2202. Plaintiff St. Paul seeks this Court's determination concerning the respective rights and obligations of the parties under a certain life and health insurance agents and brokers professional liability insurance policy ("the Policy") issued by St. Paul to Executive Fidelity Ltd. ("Executive Fidelity") and The ASO Company, Inc. ("ASO") in connection with a lawsuit commenced against Executive Fidelity, ASO, John E. Harter, Robert Mondo, Sr. and Robert Mondo, Jr. in the United States District Court for the Northern District of Illinois, Eastern Division. Executive Fidelity, ASO, John Harter, Robert Mondo, Sr. and Robert Mondo, Jr. claim coverage for such lawsuit under the Policy.

**ANSWER:**     Admitted.

2.     An actual and justiciable controversy exists between the parties as to which a declaratory judgment setting forth their respective rights and obligations under the Policy is

1

necessary and appropriate.

**ANSWER:**     Admitted.

## <u>THE PARTIES</u>

3.     St. Paul is an insurance company incorporated pursuant to the laws of the State of Minnesota, with its principal place of business in the State of Minnesota, and is a citizen of the State of Minnesota.

**ANSWER:**     Admitted upon information and belief.

4.     Defendant Executive Fidelity is an insurance agency incorporated pursuant to the laws of the State Illinois and maintains its principal place of business at 375 West Maple Avenue, Roselle, Illinois, and is a citizen of the State of Illinois.

**ANSWER:**     Admitted.

5.     Defendant ASO is a third-party administrator incorporated pursuant to the laws of the State Illinois and maintains its principal place of business at 375 West Maple Avenue, Roselle, Illinois, and is a citizen of the State of Illinois.

**ANSWER:**     Admitted as to relevant time periods. ASO is presently dissolved.   Also during

relevant time periods ASO was licensed as an Illinois Registered Insurance Firm.

6.     Defendant John E. Harter is an individual residing and domiciled in the State of Illinois, and is a citizen of the State of Illinois.

**ANSWER:**     Admitted.

7.     Defendant Robert Mondo, Sr. is an individual residing and domiciled in the State of Illinois, and is a citizen of the State of Illinois.

**ANSWER:**     Admitted.

8.     Defendant Robert Mondo, Jr. is an individual residing and domiciled in the State of Illinois, and is a citizen of the State of Illinois.

**ANSWER:**     Admitted.

9.     Defendant National Production Workers Union Insurance Trust (the "Trust") is non-profit trust organized and existing under the laws of the State of Illinois, with its principal place of business at 2210 Midwest Road, Oak Brook, Illinois, and the Trustees of the Trust are domiciled in Illinois and Florida and are citizens of the States of Illinois or Florida, and not of the

State of Minnesota, such that the Trust is a citizen of the State of Illinois and/or Florida, and is not a citizen of the State of Minnesota.

**ANSWER:**     Admitted, upon information and belief.

## JURISDICTION AND VENUE

10.     This Court has jurisdiction in this action pursuant to 28 U.S.C. § 1332(a)(1) because the parties are citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest, costs and attorneys' fees. In addition, this Court has jurisdiction because this is an action for declaratory judgment pursuant to 28 U.S.C. §§ 2201-02.

**ANSWER:**     Admitted.

11.     Venue is proper in this federal district court pursuant to 28 U.S.C. § 1391(a) because a substantial part of the events giving rise to this action occurred in this judicial district.

**ANSWER:**     Admitted.

## NATURE OF CONTROVERSY

### *The Underlying Lawsuit*

12.     In this action, plaintiff seeks a declaration of the parties' rights and liabilities under the Policy with respect to insurance coverage for the lawsuit commenced on October 30, 2007 in the United States District Court for the Northern District of Illinois, entitled *National Production Workers Union Insurance Trust v. John E. Harter, et al.*, case no. 07C6135 (the "underlying lawsuit"). Plaintiff filed its Amended Complaint on April 18, 2008 (Dkt. Nos. 53 and 54)(the "amended underlying complaint"). A copy of the amended underlying complaint is attached hereto and incorporated by reference herein as Exhibit "A."

**ANSWER:**     Admitted.

13.     The amended underlying complaint alleges that the underlying plaintiff operates an employee welfare benefit plan, which was "established and maintained for the purpose of providing insurance and related benefits to eligible participants and beneficiaries." From 1998 to 2006, Robert Mondo, Sr. was allegedly an advisor and consultant to the underlying plaintiff and its trustees. He allegedly introduced his son, Robert Mondo, Jr. and his company, Executive Fidelity, to the underlying plaintiff, and represented that they would be well suited to advise the underlying plaintiff on matters concerning the administration of its medical benefit plans.

**ANSWER:**     The underlying lawsuit is only partially described, and the allegation is, therefore,

denied.

14.     In 2005, Mr. Mondo, Jr. and Executive Fidelity allegedly recommended that the underlying plaintiff cease buying insurance in order to provide benefits to its members, and to instead self insure. They also allegedly recommended that John E. Harter and ASO be retained to administer claims submitted under such self-insured plan. The underlying plaintiff, allegedly relying upon Mr. Mondo, Jr.'s "expertise as an attorney and an insurance agent," as well as certain representations made by him, agreed to self insure and to retain Mr. Harter and ASO to administer claims submitted under the plan.

**ANSWER:**    Denied.

15.     The amended underlying complaint alleges that the underlying defendants falsely represented that Mr. Harter and ASO had the ability to administer the underlying plaintiff's plan. The underlying defendants also allegedly fraudulently represented that there was no relationship between Mr. Mondo, Jr., Mr. Harter and ASO, and intentionally and willfully concealed that Mr. Mondo, Jr. was an employee of ASO. The underlying plaintiff allegedly would never have followed recommendations to self insure and retain Mr. Harter and ASO, had it been aware of their relationship with Mr. Mondo, Jr.

**ANSWER:**    Denied.

16.     The underlying plaintiff allegedly learned in December 2005 that Mr. Mondo, Jr.'s advice and counsel was tainted by the financial remuneration he was receiving from Mr. Harter and ASO. The underlying defendants allegedly knew or should have known that the self-insurance plan that they proposed would be more costly and of less benefit to the underlying plaintiff.

**ANSWER:**    Denied.

17.     In March 2006, the underlying plaintiff also allegedly discovered that Mr. Harter and ASO had "maladministered" the plan and had caused the unwarranted depletion of funds by either intentionally or negligently improperly paying claims. They also allegedly failed to provide contractually required information to Tru Services, LLC, the plan's reinsurer, which refused to indemnify the underlying plaintiff for losses exceeding $1,000,000. According to the amended underlying complaint, the underlying defendants intentionally concealed this information from the underlying plaintiff, as its disclosure would have interfered with their own financial gains under the scheme.

**ANSWER:**    Denied.

18.     The Mondos and Executive Fidelity also allegedly gained commissions and other compensation by "steering" the underlying plaintiff to Mr. Harter and ASO, which resulted in additional damages in excess of $350,000.

4

**ANSWER:**     Denied.

19.     Based on the foregoing allegations, the amended underlying complaint sets forth causes of action sounding in breach of fiduciary duty under ERISA, engaging in prohibited transactions under ERISA, rendering investment advice under ERISA, fraud, breach of contract, negligence and legal malpractice.

**ANSWER:**     Denied.

20.     The defendants are the actual parties in interest in this matter.

**ANSWER:**     Admitted as to these Defendants.

***The Policy***

21.     St. Paul issued Life and Health Insurance Agents and Brokers Professional Liability Insurance Policy No. 560JB4370 to Executive Fidelity and ASO, with a policy period of November 12, 2005 to November 12, 2006, a copy of which is attached hereto and incorporated by reference herein as Exhibit "B."  The Policy affords coverage, pursuant to its terms and conditions, for claims arising out of acts, errors or omissions committed by an Insured in the rendering of or failure to render professional services as a life or accident/health insurance agent or broker.

**ANSWER:**     It is admitted that St. Paul issued Insurance Policy No. 560JB4370  and a copy of

that policy is attached as Exhibit B.  All other allegations of this paragraph are legal conclusions

and therefore are denied.

22.     Prior to the commencement of the underlying lawsuit, notice of the situation involving the recommendation of a self-insurance medical benefit plan to the underlying plaintiff was tendered to St. Paul as a potential claim in or about October 2006.

**ANSWER:**     Admitted that notice of a potential claim was given to Plaintiff at the earliest

opportunity, which was in or about October 2006.

23.     By letter dated December 19, 2006, St. Paul reserved its rights to decline defense and indemnity coverage based upon the terms and conditions of the Policy in the event the potential claim evolved into a lawsuit. A copy of St. Paul's reservation of rights letter is attached hereto as Exhibit "C."

**ANSWER:**     Admitted that the letter was received.

## FIRST CAUSE OF ACTION

24.     St. Paul repeats and realleges each and every allegation contained in paragraphs 1 through 23 of this complaint, as if fully set forth herein.

**ANSWER:**     These Defendants repeat and re-allege their answers to Paragraphs 1 through 23 of

the Second Amended Complaint as though fully set forth herein.

25.     Exclusion 4 contained in the Policy states as follows:

III.     EXCLUSIONS

This Policy does not apply:

* * *

4.     to any CLAIM arising out of the rendering of or failing to render any services involving:

      (a)     actuarial, accounting, legal or tax advice;

      (b)     structured settlement annuities or viatical settlements;

      (c)     promissory notes;

      (d)     multiple employer welfare arrangements or multiple employer trusts, or any pension, welfare or other benefit plan, except those fully funded by insurance, reinsurance or any annuity(ies) issued by an insurance company which possessed an A.M. Best rating of "A-" or better at the time of placement;

**ANSWER:**     Admitted that the Policy contains some of the quoted language, among other terms,

but denied that the allegations of this Paragraph accurately describe the language of the policy or

its meaning.

26.     Exclusion 4 contained in the Policy negates coverage for "any CLAIM arising out of the rendering of or failing to render any services involving multiple employer welfare arrangements or multiple employer trusts, or any pension, welfare or other benefit plan, except those fully funded by insurance, reinsurance or any annuity(ies) issued by an insurance company which possessed an A.M. Best rating of "A-" or better at the time of placement." The underlying lawsuit arises out of services involving a multiple employer welfare arrangement or multiple

employer trust. In addition, the underlying lawsuit arises out of services involving a self-funded medical benefit plan, which was not fully funded by an insurance company possessing an A.M. Best rating of "A-" or better at the time of placement.

**ANSWER:**    Denied.

27.    St. Paul accordingly requests judgment that the foregoing exclusion negates coverage for the underlying lawsuit.

**ANSWER:**    Defendants admit that Plaintiff St. Paul requests judgment as set forth herein, but

deny that Plaintiff St. Paul is entitled to such judgment.

**WHEREFORE**, these Defendants pray that the First Cause of Action be dismissed, or

dismissed for want of jurisdiction, and for costs.

## SECOND CAUSE OF ACTION

28.    St. Paul repeats and realleges each and every allegation contained in paragraphs 1 through 27 of this complaint, as if fully set forth herein.

**ANSWER:**    These Defendants repeat and re-allege their answers  to Paragraphs 1through 27 of

the Second  Amended Complaint as though fully set forth herein.

29.    Exclusion 4 contained in the Policy also negates coverage for "any CLAIM arising out of the rendering of or failing to render any services involving actuarial, accounting, legal or tax advice." The amended underlying complaint alleges that the underlying plaintiff relied upon Mr. Mondo, Jr.'s "expertise as an attorney." Moreover, the amended underlying complaint sets forth a cause of action against Mr. Mondo, Jr. sounding in legal malpractice.

**ANSWER:**    Denied.

30.    St. Paul accordingly requests judgment that the foregoing exclusion negates coverage for the underlying lawsuit.

**ANSWER:**    Defendants admit that Plaintiff St. Paul requests judgment as set forth herein, but

deny that Plaintiff St. Paul is entitled to such judgment.

**WHEREFORE**, these Defendants pray that the Second Cause of Action be dismissed, or

dismissed for want of jurisdiction, and for costs.

## THIRD CAUSE OF ACTION

31.    St. Paul repeats and realleges each and every allegation contained in paragraphs 1 through 30 of this complaint, as if fully set forth herein.

**ANSWER:**    These Defendants repeat and re-allege their answers  to Paragraphs 1through 30 of

the Second Amended Complaint as though fully set forth herein.

32.    Exclusion 6 contained in the Policy states as follows:

III.    EXCLUSIONS

This Policy does not apply:

* * *

6.    to any CLAIM involving any commingling of funds or accounts, or for sums received by any INSURED or credited to any INSURED'S account, or for fees, premiums, taxes, commissions or brokerage monies;

**ANSWER:**    Admitted that the Policy contains some of the quoted language, among other terms,

but denied that the allegations of this Paragraph accurately describe the language of the policy or

its meaning.

33.    Exclusion 6 contained in the Policy negates coverage for "any CLAIM involving any commingling of funds or accounts, or for sums received by any INSURED or credited to any INSURED'S account, or for fees, premiums, taxes, commissions or brokerage monies." The underlying plaintiff alleges that the underlying defendants have unreasonably compensated themselves as a result of their scheme to install ASO and Mr. Harter as plan administrator in an amount in excess of $350,000. Specifically, the amended underlying complaint alleges that Mr. Mondo, Jr. benefited from his concealed relationship with Mr. Harter and ASO and participated in the fees they received from the underlying plaintiff either through salary or commissions. Moreover, Mr. Mondo, Sr. allegedly received commissions from Executive Fidelity and Mr. Mondo, Jr. as a result of his having helped "steer" the underlying plaintiff to retain ASO and Mr. Harter as plan administrator.

**ANSWER:**    Denied.

8

34.    St. Paul accordingly requests judgment that the foregoing exclusion negates coverage for the underlying lawsuit.

**ANSWER:**    Defendants admit that Plaintiff St. Paul requests judgment as set forth herein, but

deny that Plaintiff St. Paul is entitled to such judgment

**WHEREFORE**, these Defendants pray that the Third Cause of Action be dismissed, or

dismissed for want of jurisdiction, and for costs.

**FOURTH CAUSE OF ACTION**

35.    St. Paul repeats and realleges each and every allegation contained in paragraphs 1 through 34 of this complaint, as if fully set forth herein.

**ANSWER:**    These Defendants repeat and re-allege their answers to Paragraphs 1 through 34 of

the Second Amended Complaint as though fully set forth herein.

36.    Exclusion 7 contained in the Policy states as follows:

**III.    EXCLUSIONS**

This Policy does not apply:

* * *

7.    to any CLAIM arising out of any pension, profit sharing, welfare plan or other employee benefit plan in which any INSURED, or any firm in which any INSURED has a financial interest, is a participant, named fiduciary, designated fiduciary, administrator, plan sponsor or trustee as those terms are used in the Employee Retirement Income Security Act of 1974 (ERISA) and the Consolidated Omnibus Budget Reconciliation Act of 1986 (COBRA), including any amendments, regulations or enabling statutes and any other similar federal, state, or provincial statute or regulation;

**ANSWER:**    Admitted that the Policy contains some of the quoted language, among other terms,

but denied that the allegations of this Paragraph accurately describe the language of the policy or

its meaning.

37.    Exclusion 7 contained in the Policy negates coverage for "any CLAIM arising out of any pension, profit sharing, welfare plan or other employee benefit plan in which any

INSURED, or any firm in which any INSURED has a financial interest, is a participant, named fiduciary, designated fiduciary, administrator, plan sponsor or trustee as those terms are used in the Employee Retirement Income Security Act of 1974 (ERISA) and the Consolidated Omnibus Budget Reconciliation Act of 1986 (COBRA), including any amendments, regulations or enabling statutes and any other similar federal, state, or provincial statute or regulation."

**ANSWER:**    Denied.

38.    The underlying lawsuit arises out of a self-funded medical benefit plan, for which defendants ASO and Mr. Harter were retained as plan administrator.

**ANSWER:**    Denied.

39.    St. Paul accordingly requests judgment that the foregoing exclusion negates coverage for the underlying lawsuit.

**ANSWER:**    Defendants admit that Plaintiff St. Paul requests judgment as set forth herein, but

deny that Plaintiff St. Paul is entitled to such judgment.

**WHEREFORE**, these Defendants pray that the Fourth Cause of Action be dismissed, or

dismissed for want of jurisdiction, and for costs.

## FIFTH CAUSE OF ACTION

40.    St. Paul repeats and realleges each and every allegation contained in paragraphs 1 through 39 of this complaint, as if fully set forth herein.

**ANSWER:**    These Defendants repeat and re-allege their answers  to Paragraphs 1 through 39 of

the Second Amended Complaint as though fully set forth herein.

41.    The Insuring Agreement contained in the Policy provides as follows:

**I.    INSURING AGREEMENT**

The Company shall pay on behalf of the INSURED all sums which the INSURED shall become legally obligated to pay as damages resulting from a CLAIM or CLAIMS first made against the INSURED during the POLICY PERIOD, and reported in writing to the Company during the POLICY PERIOD or within sixty (60) days thereafter, by reason of any WRONGFUL ACT of an INSURED, but only if the INSURED, prior to the POLICY PERIOD, had no knowledge of such WRONGFUL ACT, and further provided that such WRONGFUL ACT occurs subsequent to the retroactive date, if any, stated in the Declarations.

**ANSWER:**     Admitted that the Policy contains some of the quoted language, among other terms, but denied that the allegations of this Paragraph accurately describe the language of the policy or its meaning.

42.     The policy defines "Wrongful Act," in relevant part, as follows:

**II.     DEFINITIONS**

* * *

WRONGFUL ACT means any such actual or alleged act, error or omission or breach of duty in the rendering of or failure to render such professional services as are customarily rendered by:

(a)     a life or accident/health insurance agent or broker, for others for monetary compensation;

(b)     a property/casualty insurance agent or broker for others for monetary compensation, provided, however, that a premium charge is indicated in the Declarations for this coverage and such premium has been paid; or

(c)     a notary public.

**ANSWER:**     Admitted that the Policy contains some of the quoted language, among other terms, but denied that the allegations of this Paragraph accurately describe the language of the policy or its meaning.

43.     The underlying lawsuit arises out of services involving a self-funded medical benefit plan, for which defendants ASO and Mr. Harter were retained as plan administrator. Specifically, the amended underlying complaint alleges that ASO and Mr. Harter failed to properly administer the plan. In addition, the underlying lawsuit arises out of services performed by Mr. Mondo, Jr. as an attorney.

**ANSWER:**     Admitted that one count alleges that Mondo Jr. is an attorney. All other allegations of this paragraph are denied.

44.     As such, the underlying lawsuit does not arise from an act, error or omission or breach of duty in the rendering of or failure to render professional services as a life or accident/health insurance agent or broker, within the scope of coverage afforded under the

11

Policy's Insuring Agreement and definition of Wrongful Act.

**ANSWER:**    Denied.

45.    St. Paul accordingly requests judgment that there is no defense or indemnity coverage under the Policy for the underlying lawsuit.

**ANSWER:**    Defendants admit that Plaintiff St. Paul requests judgment as set forth herein, but

deny that Plaintiff St. Paul is entitled to such judgment.

**WHEREFORE**, these Defendants pray that the Fifth Cause of Action be dismissed, or

dismissed for want of jurisdiction, and for costs.

<u>**SIXTH CAUSE OF ACTION**</u>

46.    St. Paul repeats and realleges each and every allegation contained in paragraphs 1 through 45 of this complaint, as if fully set forth herein.

**ANSWER:**    These Defendants repeat and re-allege their answers  to Paragraphs 1 through 45 of

the Second Amended Complaint as though fully set forth herein.

47.    The Policy defines the term "Insured" as follows:

INSURED means:

(a)    the NAMED INSURED

(b)    any partner, director, officer, stockholder, employee of the NAMED INSURED, but only with respect to WRONGFUL ACTS rendered on behalf of the NAMED INSURED;

(c)    any former partner, officer, director, stockholder, or employee who has retired or otherwise ended their relationship with the NAMED INSURED, but solely in respect of WRONGFUL ACTS rendered on behalf of the NAMED INSURED prior to the date of retirement or end of relationship;

(d)    the estate, heirs, executors, administrators, legal representatives and assigns of any INSURED in the event of such INSURED'S death, incapacity, bankruptcy or insolvency, but only with respect to WRONGFUL ACTS committed or alleged to have been committed prior to the date of such INSURED'S death, incapacity, bankruptcy or insolvency and only to the extent the INSURED

12

would otherwise be covered by this policy.

**ANSWER:**    Admitted that the Policy contains some of the quoted language, among other terms, but denied that the allegations of this Paragraph accurately describe the language of the policy or its meaning.

48.    The amended underlying complaint alleges that Mr. Mondo, Sr. was a consultant and advisor to the underlying plaintiff with respect to its benefit plan administration and insurance matters. Moreover, Mr. Mondo, Sr. is/was not an Insured under the Policy, as defined therein.

**ANSWER:**    Denied.

49.    In addition, the amended underlying complaint alleges that Mr. Harter and ASO, as the plan administrator, had "maladministered" the plan and had caused the unwarranted depletion of funds by either intentionally or negligently improperly paying claims. Such alleged wrongdoing does not constitute acts, errors or omissions or breach of duty in the rendering of or failure to render professional services as a life or accident/health insurance agent or broker, within the meaning of the definition of Wrongful Act.

**ANSWER:**    Denied.

50.    St. Paul accordingly requests judgment that there is no coverage for Robert Mondo, Sr., John E. Harter and ASO under the Policy as they are not Insureds, as defined in the Policy.

**ANSWER:**    Defendants admit that Plaintiff St. Paul requests judgment as set forth herein, but deny that Plaintiff St. Paul is entitled to such judgment.

**WHEREFORE**, these Defendants pray that the Sixth Cause of Action be dismissed, or dismissed for want of jurisdiction, and for costs.

## SEVENTH CAUSE OF ACTION

51.    St. Paul repeats and realleges each and every allegation contained in paragraphs 1 through 50 of this complaint, as if fully set forth herein.

**ANSWER:**    These Defendants repeat and re-allege their answers  to Paragraphs 1 through 50 of the Second Amended Complaint as though fully set forth herein.

52.    Exclusion 1 contained in the Policy states as follows:

### III.     EXCLUSIONS

This Policy does not apply:

1.      to any judgment or final adjudication based upon or arising out of any dishonest, fraudulent, criminal, malicious or deliberately wrongful acts or omissions committed by any INSURED, however, the Company will defend allegations of the foregoing acts or omissions until the time that the act or omission is factually proven;

**ANSWER:**     Admitted that the Policy contains some of the quoted language, among other terms,

but denied that the allegations of this Paragraph accurately describe the language of the policy or

its meaning.

53.     Exclusion 1 contained in the Policy negates coverage for "any judgment or final adjudication based upon or arising out of any dishonest, fraudulent, criminal, malicious or deliberately wrongful acts or omissions committed by any INSURED."

**ANSWER:**     Denied. The insurer, Plaintiff, owes to these defendants the defense of the case. The

final judgment in the underlying case will determine, after defense, whether or not this is a valid

policy defense.

54.     The amended underlying complaint alleges that the underlying defendants engaged in intentional and fraudulent conduct in connection with their recommendation and administration of the self-funded medical benefit plan. Moreover, the amended underlying complaint sets forth a cause of action sounding in fraud against the defendants.

**ANSWER:**     Denied. The insurer, Plaintiff, owes to these Defendants a defense on the

charges wrongfully made against them in the amended underlying complaint, and this defense to

the policy is premature.

55.     St. Paul accordingly requests judgment that in the event there is a final adjudication of any dishonest, fraudulent, criminal, malicious or deliberately wrongful acts or omissions committed by the underlying defendants in the underlying lawsuit, then there would be no coverage for same under the Policy.

**ANSWER:**     Defendants admit that Plaintiff St. Paul requests judgment as set forth herein, but

14

deny that Plaintiff St. Paul is entitled to such judgment.

      **WHEREFORE**, these Defendants pray that the Seventh Cause of Action be dismissed, or

dismissed for want of jurisdiction, and for costs.

## EIGHTH CAUSE OF ACTION

      56.    St. Paul repeats and realleges each and every allegation contained in paragraphs 1
through 55 of this complaint, as if fully set further herein.

**ANSWER:**    These Defendants repeat and re-allege their answers to Paragraphs 1 through 55 of

the Second Amended Complaint as though fully set forth herein.

      57.    Exclusion 11, as amended by the Illinois Amendatory Endorsement, contained in
the Policy states as follows:

### III.    EXCLUSIONS

This Policy does not apply

   * * *

      11.    to any CLAIM for nonpecuniary relief, or fines, penalties, or punitive, exemplary
            or multiplied damages.

            However the Company shall retain only the duty to defend any CLAIM for
            punitive or exemplary damages.

**ANSWER:**    Admitted that the Policy contains some of the quoted language, among other terms,

but denied that the allegations of this Paragraph accurately describe the language of the policy or

its meaning.

      58.    Exclusion 11, as amended, contained in the Policy negates coverage for
"nonpecuniary relief." The amended underlying complaint alleges that the defendants placed the
Trust's assets at risk due to the gross performance shortfall in the administration of claims, acting
for purposes of personal gain, failure to maintain reasonable expenses, and failure to provide
meaningful financial information. The Trust states that it has no adequate remedy at law and seeks
an accounting of the claims account, equitable tracing of funds, imposition of a constructive trust,
and disgorgement of profits.

**ANSWER:**     Denied.

59.     St. Paul accordingly requests judgment that the foregoing exclusion negates coverage for such equitable relief.

**ANSWER:**     Defendants admit that Plaintiff St. Paul requests judgment as set forth herein, but

deny that Plaintiff St. Paul is entitled to such judgment.

**WHEREFORE**, these Defendants pray that the Eighth Cause of Action be dismissed, or

dismissed for want of jurisdiction, and for costs.

## NINTH CAUSE OF ACTION

60.     St. Paul repeats and realleges each and every allegation contained in paragraphs 1 through 59 of this complaint, as if fully set forth herein.

**ANSWER:**     These Defendants repeat and re-allege their answers  to Paragraphs 1 through 59 of

the Second Amended Complaint as though fully set forth herein.

61.     Exclusion 11, as amended, contained in the policy also negates coverage for "fines, penalties, or punitive, exemplary or multiplied damages." The amended underlying complaint seeks punitive damages in connection with causes of action for breach of fiduciary duties and fraud.

**ANSWER:**     Denied.

62.     St. Paul accordingly requests judgment that the foregoing exclusion negates coverage for such punitive damages.

**ANSWER:**     Defendants admit that Plaintiff St. Paul requests judgment as set forth herein, but

deny that Plaintiff St. Paul is entitled to such judgment.

**WHEREFORE**, these Defendants pray that the Ninth Cause of Action be dismissed, or

dismissed for want of jurisdiction, and for costs.

## TENTH CAUSE OF ACTION

63.     St. Paul repeats and realleges each and every allegation contained in paragraphs 1 through 62 of the complaint, as if fully set forth herein.

16

**ANSWER:**     These Defendants repeat and re-allege their answers  to Paragraphs 1 through 62 of

the Second Amended Complaint as though fully set forth herein.

64.     The Policy contains an Endorsement titled "COBRA EXCLUSION," which states
as follows:

> In consideration of the premium paid, this policy does not apply to any CLAIM(s)
> arising out of the rendering or failure to render any acts, errors or omissions of
> services involving COBRA administration and Third Party Administration.

**ANSWER:**     Admitted that the Policy contains some of the quoted language, among other terms,

but denied that the allegations of this Paragraph accurately describe the language of the policy or

its meaning.

65.     The COBRA Exclusion in the Policy negates coverage for acts, errors or omissions
involving Third Party Administration. The amended underlying complaint alleges that ASO and
Harter, the third party administrators of the Trust, failed to properly administer the claims process
and misrepresented their experience in administering self-insured plans similar to the Trust's and
sets forth causes of action for breach of fiduciary duty, fraud, negligence and breach of contract.

**ANSWER:**     Denied.

66.     St. Paul accordingly requests judgment that the foregoing exclusion negates
coverage for claims arising from the Insureds' alleged wrongful acts as a third party administrator.

**ANSWER:**     Defendants admit that Plaintiff St. Paul requests judgment as set forth herein, but

deny that Plaintiff St. Paul is entitled to such judgment.

**WHEREFORE**, these Defendants pray that the Tenth Cause of Action be dismissed, or

dismissed for want of jurisdiction, and for costs.

## ELEVENTH CAUSE OF ACTION

67.     St. Paul repeats and realleges each and every allegation contained in paragraphs 1
through 66 of this complaint, as if fully set forth herein.

**ANSWER:**     These Defendants repeat and re-allege their answers  to Paragraphs 1 through 66 of

the Second Amended Complaint as though fully set forth herein.

68. Exclusion 12 contained in the Policy states as follows:

**III.    EXCLUSIONS**

This Policy does not apply:

* * *

12. to any liability assumed by any INSURED under an oral or written contact, unless the INSURED would have been legally liable in the absence of such contract.

**ANSWER:**    Admitted that the Policy contains some of the quoted language, among other terms, but denied that the allegations of this Paragraph accurately describe the language of the policy or its meaning.

69. Exclusion 12 contained in the Policy negates coverage for "any liability assumed by any INSURED under an oral or written contract." The amended underlying complaint alleges that defendants Harter and ASO breached their agreement to properly administer claims made by the beneficiaries of the Trust and sets forth a cause of action for breach of contract.

**ANSWER:**    Denied.

70. St. Paul accordingly requests judgment that the foregoing exclusion negates coverage for the underlying lawsuit.

**ANSWER:**    Defendants admit that Plaintiff St. Paul requests judgment as set forth herein, but deny that Plaintiff St. Paul is entitled to such judgment.

**WHEREFORE**, these Defendants pray that the Eleventh Cause of Action be dismissed, or dismissed for want of jurisdiction, and for costs.

**TWELFTH CAUSE OF ACTION**

71. St. Paul repeats and realleges each and every allegation contained in paragraphs 1 through 70 of this complaint, as if fully set forth herein.

**ANSWER:**    These Defendants repeat and re-allege their answers to Paragraphs 1 through 70 of the Second Amended Complaint as though fully set forth herein.

72. Exclusion 13 contained in the Policy states as follows:

18

### III.    EXCLUSIONS

This Policy does not apply:

* * *

13.    to any CLAIM arising out of or based upon the failure of any insurer, health maintenance organization ("HMO") or preferred provider organization ("PPO") to pay the salaries or fees of any practitioner or any CLAIM based upon or arising out of the quality of care rendered by or for alleged malpractice of a participating provider of service of any HMO or PPO.

**ANSWER:**  Admitted that the Policy contains some of the quoted language, among other terms, but denied that the allegations of this Paragraph accurately describe the language of the policy or its meaning.

73.    The amended underlying complaint alleges that ASO mismanaged claim payments to health care providers by delaying payment or overpaying such providers and sets forth causes of action for breach of fiduciary duty and breach of contract.

**ANSWER:**    Denied.

74.    St. Paul accordingly requests judgment that the foregoing exclusion negates coverage for the underlying lawsuit.

**ANSWER:**    Defendants admit that Plaintiff St. Paul requests judgment as set forth herein, but deny that Plaintiff St. Paul is entitled to such judgment.

**WHEREFORE**, these Defendants pray that the Twelfth Cause of Action be dismissed, or dismissed for want of jurisdiction, and for costs.

Respectfully submitted,

JOHN F. HARTER (named herein as John E. Harter) and THE ASO COMPANY

By:/s/ Cynthia Giacchetti
Attorney for  John F. Harter and
The ASO Company

19

CYNTHIA GIACCHETTI
53 West Jackson—Suite 1460
Chicago, Illinois  60604
312-939-6440

## <u>CERTIFICATE OF SERVICE</u>

Cynthia Giacchetti, attorney for the Defendants John F. Harter and The ASO Company hereby certifies that the foregoing Answer of John F. Harter and The ASO Company  to Second Amended Complaint for Declaratory Judgment was served on July 29, 2008,  in accordance with Fed.R.Civ.P. 5, LR 5.5, and the General Order on Electronic Case Filing (ECF) pursuant to the district court's system as to ECF filers.

By:/s/ Cynthia Giacchetti